We'll turn to the next case, which is United States v. Kevin Parker. Thank you. May it please the Court, my name is Mary Ann Wirth, and I represent Kevin Parker on this appeal. The government does not dispute that the District Court erred in calculating the base offense level here of 26 under Guideline Section 2K2.1 based on two prior felony convictions for a controlled substance offense. That error is repeated in the government's Pim & Tell letter, the government's sentencing letter, and the probation report itself. The PSR got it wrong as well. And instead, in response, the government on appeal is switching course and now arguing that that base offense level of 26 applies based on two prior felony convictions, one of which is an assault to conviction, and they attach to their brief a judgment and plea minutes that are not in the record below. Would you agree, though, that if it had been in the record below, it would satisfy the second conviction? I can't make that concession, Your Honor. That conviction was not vetted, examined by the defense below, and the defense counsel has to have an opportunity to investigate that conviction itself, to verify that it's accurate. And I think, most importantly, in my experience, when there is an adjustment in the guidelines based on prior convictions, it's very important for defense counsel to examine that particular conviction and be prepared, if appropriate, to make mitigation arguments based on the nature of that conviction. But if, in substitution, the second drug conviction that was in the PSR and the Pim & Tell letter, you had an assault in the second degree where someone was injured with a deadly incident and you had to make a plea, would you agree that that was an instrument? I think it was. There are no facts in the probation report, Your Honor. No, but I'm looking at the . . . it's attached to the government's brief, the sentencing transcript. Do you admit that in the city of Yonkers, on or about July 10, 1999, this is on Addendum 8 to the red brief, with intent to cause physical injury to another person, you did cause such injury to a person by means of a dangerous instrument, which seems to backtrack one of the subsections of the New York assault statute that would qualify as a crime of violence. My question is, if this were before the district court, it would seem to satisfy that second offense. My second question is, how would it help him to be re-sentenced when instead of a drug conviction, the second countable conviction was this assault with injury? I understand. Yes, that is in the transcript. It's an accurate rendition of the transcript. My point is, this is not a new development. This is information that was available to the government, could have been put in correctly in the record. I don't know what a defense examination would show of this particular prior conviction. For example, the judgment doesn't identify the particular subdivision. I agree that that language is there in the 20 minutes, but as I noted, how could it help him? I understand the question. I think that defense attorney, to adequately represent a client, has to know the underlying facts of that particular conviction and be prepared to argue in mitigation that perhaps it's not as serious as it might seem on its face. Therefore, the court should consider that in deciding whether to depart from the guidelines range. I think this court has made it clear that there are rules. The government does nothing more serious than act to deprive a defendant of his liberty. The rules have to be applied. There's a federal rule of appellate procedure that defines what is in the record. This is not in the record. This Court's case law, as recently as this year, in the Toth case, makes it clear that only in extraordinary circumstances can you supplement the record. There are errors here. His probation report is wrong for one thing. For better or for worse, it's wrong. He's entitled to have a probation report in the system that's accurate. He's entitled to have the benefit of every argument that his defense attorney can think of. This person got the top of the guideline sentence in the guidelines range on a plea, on a guilty plea. There's a reason for that. He's entitled to every argument that can be made in his defense in mitigation. He should have that opportunity on remand to dispute this if need be and to raise any arguments on mitigation that he can raise. We're talking about these documents which are before us as part of the red brief. Can we take judicial notice of this, of these documents? Is there something wrong? I mean, this is part of the record, as it were. I understand the question, and I will answer it, but there's a rule. The rule says this is what's in the record. This is not in the record. My point is, I would say, no, you shouldn't take judicial notice of it because you have to give the defense the opportunity to respond to this. You have to give a defense lawyer an opportunity to examine the accuracy of this. I am not in any way casting aspersions on the government's integrity here, but the job to do, and the job is to make sure that this is accurate. In addition to that, to explore with the client whether there are any mitigating factors that can be raised to tell the court why this particular conviction may not be as serious as it may seem on the face of it. It's just leaving no stone unturned on behalf of this client. Were you this defendant's counsel before the district court? No, Your Honor. That brings me to the second point, which is also on the topic of accuracy, and that is the argument with respect to the error in the probation report. Another error, which again is following this defendant throughout the system, which is that there was no basis for a variance from the guidelines. That's in the probation report. The government pointed it out in their sentencing letter. The defense responded by first talking to the probation officer, determining that that was in fact an error. The probation officer said, can't do anything about it at this point. Final probation report has been rendered. You have to talk to the district court, at which point defense counsel writes to the district court and says, there's a substantial variance recommended here by probation, 156 months. The government correctly points out that there is no reason articulated in the probation report for that substantial variance. Please ask the probation officer, order the probation officer to amend the report and give the reasons for that substantial variance that's recommended. And the district court- While we're on this for a moment, if you'll just bear with me, I'm trying to understand the record. I have the pre-sentence report before me, and the pre-sentence report contains an enumeration of these various offenses, including assault in the second degree at the age of 21. This is paragraph 50 of the PSR. So that's before the court, right? The conviction is not the particular subdivision, and the question is whether this qualifies as a crime of violence, and that is very much a function of which subdivision he was convicted under, and that does not appear in the PSR. But you're not seeking a reversal of the conviction just for the sentencing? A remand for re-sentencing, yes. Remand for re-sentencing. That's correct. So my second point is the error in the probation report, going back to that for a moment. I shouldn't be asking you, I should be asking the governor what it could do or should do to get it right. What, in your view, should it have done to get it right, in your view? This is an error on the part of the district court. The district court should have ordered the simplest thing in the world, ordered the probation officer to remove that error from the probation report, which said there's no basis for a variance, and follow the rule. It says statute. It's Rule 32D1D, which says the PSR must identify the basis for a departure. This PSR does not. That defendant is entitled to have that departure, reason for that departure identified. Why? So that the district court can hear those reasons, and so that defense counsel has another argument in his favor. This is a huge thing for a defense lawyer to say, probation agrees with me that a departure is warranted here, and here's why they think it's warranted. And to have those reasons articulated is not sufficient for the district court to say, you know, it's up to me, it's not up to him. The statute provides that those reasons have to be given. Those reasons were not given. The request was made. The request was denied, and that was error. Of course, you're missing something here, which is that the probation officer recommended a sentence of 156 months, right? Yes. Because there was this argument with the district court, is why won't you talk to the probation officer to see why he or she, she, went down so low to 156, because at the time of the PSR, the range was much higher than the district court finally arrived at because of that, the attempted murder, remember that? That's correct, yes. So if you look at page 17 of the PSR, the guideline range is much higher, I thought it just . . . Correct, so, yes. Right? So that was an even greater departure from what the . . . Yeah, the range was 292 to 365. I know it was capped, I think, at 240 months, because it's two 922G counts, right? Right. But, I mean, it's not that the probation officer wasn't indicating there should be a variance, it's just that she didn't indicate why it should be a variance, but she was really trying to give him a much lower sentence that would have required a variance to do that. You agree with that? There's an inconsistency in the report, because the report says, A, no reason for a variance, and B, here's what we recommend, which is lower, but my point, again, is that the statute requires her to give a basis for that, and she doesn't. The government agreed to that, pointed it out. The defense jumped on that error and asked for it to be corrected in a timely fashion, and it was not. And I would just point out that, you know, that this error is compounded by the fact that both the defense and the district court got the probation officer's recommendation flipped around wrong. The defense argued, and the court, you know, agreed with it that the recommendation was ten years on count two, when, in fact, it was three years on count two. So that particular, you know, recommendation should have been explored. The reasons for it should be on the record. The defendant is entitled to that. You know, for the court to hear that information, the statute requires it, and, you know, for the defense lawyer to effectively represent his client, he needed to have that information. And then my final point, just briefly, that the district court also erred in failing to apply the 3553A factors to his determination not to grant the defense application that he run the sentence concurrently with any anticipated probation violation sentence. And again, the district court did that on principle, that it's an anticipated sentence. I don't think it's appropriate to do that. You know, and that clearly violates the application note to 5G1.3, which says when there's an anticipated sentence, it's in the district court's discretion to run it concurrently or consecutively. Thank you. Thank you very much, Ms. Worth. May it please the Court, Jessica Feinstein for the United States. The judgment of conviction should be affirmed because the district court did not commit plain error here in its calculation of the sentencing guidelines. The counsel is seeking to overturn the judgment of conviction. Just the sentencing. The sentencing, Your Honor. There is no plain error here put simply because the defendant's substantial rights were not affected because the outcome would have been the same in the absence of the error, that is, the sentencing guidelines calculation for. There's no question in your view about the application of the plain error standard? No, there's no question in our view. I think this court has been clear many times that when a defendant could have received the exact same sentence in the absence of the alleged error, then you cannot say that its occurrence affected the defendant's substantial rights. What about what your opposing counsel just said, though? At least he should have had the opportunity to challenge this SALT II conviction. It looks like he actually got it, and it seems like it's a qualifying conviction for a crime of violence, comparing it to the New York statute, but it was never before him, his lawyer, or the court. What about the argument, well, look, he should at least have had a chance to attack it. The first we've ever heard of it was on his appeal? Well, a couple things, Your Honor. The reason these records weren't below is because there was no objection below. Second of all, Your Honor, I'm not really sure what investigation there was to do. It's pretty plain from the plea allocution that the use of force was one of the elements of the assault conviction, and so it plainly is a crime of violence. From the plea allocation? From the state plea allocation that we're talking about here, yes. I understand defense counsel's argument that they could have raised mitigating factors for maybe why this offense wasn't as bad as it actually was, but that doesn't go to whether it's a qualifying offense for purposes of Section 2K2.1 under the guidelines. Did I just ask you about the criminal history reference, too? In your footnote, you mentioned that we also believe that it was clear it was this assault conviction that we were talking about, because it shows up in the criminal history report, and the defense lawyer had it. Was that an NCIS report you're talking about? Yes, it was. That's correct, Your Honor. One of the rap sheets that are typically run and handed over in discovery, and it did note the subsection of the New York Penal Law 120.05 subsection. How are we supposed to know that? We don't even have it. That's correct, Your Honor. It's more in response to the defense's argument, just that for some defendants are raising a plain error argument, and so we just want to point out why that's not the case, and why also it wasn't a mistake for defense counsel not to object to the ultimate outcome here in terms of the guidelines. But how do we do that if we haven't even seen the NCIS report? I understand, Your Honor, and we can certainly move to supplement the record there, but I don't hear defense counsel challenging that that was the case, that in fact there was a criminal history report that was provided to the defense and did include that subsection. So is the problem is if you run it now, it probably shows up the right way, but we don't know what it was run years ago? Do you have a record of that? Because you would think like with that transcript of his sentencing in the state assault case, you attached it to your appendix, but you didn't do it with the NCIS report that supposedly his lawyer had at the time and the government had. It's not a shepherdized document, Your Honor, that's the only reason. We're referring to the document that was provided to defense counsel as part of discovery. So if it's not a shepherd document, why mention it? Simply in response, just one more thing, in response to why there was no mistake by defense counsel below. What were the so-called shepherd documents in this case? So if we're talking about the New York assault conviction, there's two of them. One is the plea colloquy, the transcript that's appended to our brief, and the other is the judgment of conviction. The judgment of conviction, I don't believe, has the exact subsection of the penal law, but the plea colloquy, the judge actually, you know, in asking him how he pleads, walked through what the elements were and listed them. That was before the district court? No, none of that was before the district court. That's a problem, though. Well, Your Honor, you know, this is basically, it's plain error here, Your Honor. I understand. So, in other words, if we were to go back, it would end up in the same result. These documents would be put before the judge, he would look at them and determine it's a crime of violence, and then we'd end up at the same sentencing guidelines. But it's your view that we can, on appeal, consider these documents even though they were not before the district court? Yes, Your Honor. I mean, I think you could take a notice of them, judicial notice, as Your Honor suggested. We don't have authority for that from a court of appeals, right? I'm not sure, Your Honor, I think that sounds correct to me. It's typically something that happens in a trial court. But, you know, the reason these documents weren't in the record wasn't for some, you know, they weren't withheld intentionally by the government. It's just that this issue didn't come up. That's why they weren't in the record. And that's the purpose of the plain error standard. If there are no further questions from the panel, I'll rest on our papers. Thank you. Ms. Wirth, you've reserved some time. Yes, just a few brief points. The reason that the defense didn't object to this conviction below was because it was never proffered as the basis for the application of 2K2.1. You know, the government made a mistake here. The government made a mistake in its sentencing letter, its Pimentel letter, the probation report compounds that error. There was no reason, you know, for the defense. And I did argue that it was ineffective assistance of counsel for defense counsel to miss this point as well. We can't really consider that. I understand, but I raised it. I'm asking whether . . . I understand that, but I think it is on the face of it. We have some cases which require, among other things, that previous counsel who are charged with having been ineffective should get notice that that claim is being made before the Court of Appeals. Have you given notice to that lawyer, whoever it was? No. No. He's willing to fall on his sword. He's a lovely man. I'm sure. But no, I haven't discussed it with him at this particular point. If there are no further questions, thank you. Thank you, Ms. Worth, very much. We appreciate it.